UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADOLPH R. O. WRIGHT, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-1918 |
| v. | : | (JUDGE MANNION) |
| LESA GELB, | : | |
| Defendant | : | |

## ORDER

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Martin C. Carlson. (Doc. 5). In it, Judge Carlson, having granted the plaintiff Adolph R. O. Wright's ("Wright") motion to proceed *in forma pauperis*, conducted a preliminary review of the *pro se* Amended Complaint pursuant to 28 U.S.C. §1915A. Judge Carlson ultimately recommends the dismissal of Wright's Complaint, (Doc. 1), without leave to amend. Wright has filed an "Amended Report for Motion for Injunctive Relief," which this court will construe as objections to the Report. (Doc. 6).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v.*

*Astrue*, 649 F.3d 193, 195 (3d Cir.2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his Report, Judge Carlson recommends that Wright's Complaint be dismissed because it fails to comply with the most basic requirement of the Federal Rules of Civil Procedure that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2). Judge Carlson accurately notes that "[t]he complete

failure of the [C]omplaint to contain any well-pleaded facts leaves 'defendants having to guess what of the many things discussed constituted [a cause of action].'" (Doc. 5, at 8) (quoting *Binsack v. Lackawanna County Prison*, 438 Fed.App'x 158, 160 (3d Cir. 2011)).

Judge Carlson additionally notes that dismissal is appropriate because Wright is attempting to bring a civil rights action against state officials premised upon claims arising out of his prior criminal case, even though Wright pleaded guilty and stands convicted. *See Hector v. Watt*, 235 F.3d 154, 155-56 (3d Cir. 2000). As the Report observes, Wright's request for injunctive relief inappropriately invites this court to interfere with his ongoing state case in that he asks this court to act essentially as an appellate court and reject findings made by the state court in his criminal case, as well as to issue wide-ranging injunctive relief. Consequently, Judge Carlson observes that dismissal is appropriate pursuant to the *Rooker-Feldman* and *res judicata* doctrines, as well as the *Younger* abstention doctrine.

Finally, Judge Carlson notes that the defendant in this case is a state judge, whom Wright seeks to hold personally liable for alleged civil rights violations arising out of the performance of judicial acts in Wright's criminal case. Because it is well-settled that judges are entitled to judicial immunity for actions taken in performing judicial duties and absolute immunity from

personal liability for any judicial acts, the Report observes that Wright simply cannot maintain an action against this defendant and the case must be dismissed. In light of the types of claims that Wright is attempting to bring, Judge Carlson recommends that the court decline to grant leave to amend because to do so would be futile since the Complaint is flawed in numerous ways that are beyond correction through amendment.

Wright has filed objections to the Report; however, Wright's objections do nothing more than repeat the same incoherent claims raised in the Complaint or express his "eccentric notions regarding the nature of our federal union." (Doc. 5, at 1). The court has conducted a thorough review of all pertinent filings and finds the Report of Judge Carlson to be well-reasoned and well-supported. As such, the court will adopt the report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) Judge Carlson's Report, (Doc. 5), is **ADOPTED IN ITS ENTIRETY**;

(2) Wright's objections to the Report, (Doc. 6), are **OVERRULED**;

(3) Wright's Complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE**; and

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 5, 2020**
20-1918-01