UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADOLPH R. O. WRIGHT, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-1918 |
| v. | : | (JUDGE MANNION) |
| LESA GELB, | : | |
| Defendant | : | |

### MEMORANDUM

Presently before the court is a motion for reconsideration filed by the plaintiff Adolph R.O. Wright. (Doc. 10). For the foregoing reasons, the motion will be **DENIED**.

**I.   BACKGROUND**

Since the factual background of this case was set forth in the court's prior filings, it need not repeat it herein. Pertinent here, by order dated November 5, 2020, (Doc. 7), the court adopted a report and recommendation by Magistrate Judge Martin C. Carlson, (Doc. 5), that recommended dismissal of the plaintiffs' complaint, (Doc. 1), without leave to amend because, among other reasons, it failed to comply with the most basic requirement of the Federal Rules of Civil Procedure that it contain a short and plain statement of the claim showing entitlement to the relief sought.

Despite the dismissal of his complaint, on November 16, 2020, the plaintiff proceeded to file an "amended motion for injunctive relief," which once again was not clear as to the relief sought. (Doc. 8, at 1). The court dismissed the motion by order dated November 17, 2020, given that it related back to his complaint which had been dismissed with prejudice. (Doc. 9).

On December 7, 2020, the plaintiff filed the present motion for reconsideration. It is not clear which of the court's orders is the subject of the plaintiff's motion for reconsideration, since his motion, like his complaint and other filings, is virtually incomprehensible. The plaintiff does, however, appear to request that the court consolidate the instant case with another of his cases, *Wright v. Luzerne County et al.*, 20-cv-51, which is currently pending before Magistrate Judge Susan Schwab.

**II.   LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of

- 2 -

law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks omitted); *see also Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F.Supp.3d 488, 491 (M.D.Pa.2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia*, 73 F.Supp.3d at 491 (quoting *Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *2 (M.D.Pa. Jan. 16, 2007), *aff'd*, 241 Fed.App'x 3 (3d Cir. 2007)).

### III. DISCUSSION

Initially, the court notes that the plaintiffs' motion for reconsideration is untimely and denial is appropriate on that basis. Pursuant to Local Rule 7.10, a motion for reconsideration "must . . . be filed within fourteen (14) days after the entry of the order concerned." M.D.Pa. Local Rule 7.10. Regardless of whether the plaintiff seeks reconsideration of the court's November 5, 2020 order adopting the report and recommendation or the November 17, 2020 order denying his amended motion for injunctive relief, the plaintiff's motion would have been due by December 1, 2020, at the latest. Accordingly,

plaintiff's December 7, 2020 motion would properly be denied as untimely pursuant to this court's Local Rules.[1]

Even excusing the untimeliness of the motion, however, denial is nevertheless appropriate based upon on the merits. The plaintiff's motion, despite being labeled a motion for reconsideration, varies greatly and inconsistently in the relief sought. Significantly, none of the relief requested by the plaintiff actually includes reconsideration. Instead, the plaintiff argues both that he has been "high Jacked into court and listed as the Plaintiff" and that "[t]he case should not exist and should be removed from the record as though it never took place," and, paradoxically, that because he claims domicile in New York, the court has diversity jurisdiction over this action, and that his constitutional and due process rights have been violated by various persons he lists as defendants who do not appear on the docket of this case. (Doc. 10, at 1, 2). Unsurprisingly, the plaintiff does not attempt to establish that any of the grounds necessary for the court to grant reconsideration are

---

[1] In his motion, the plaintiff indicates that it was served on the defendant "on or about 2 day of December"; however, the cancelled postage on the envelope does not confirm whether or not the motion was mailed on that day. (Doc. 10, at 4). In any event, even if the motion were mailed on December 2, 2020, it would be still be untimely.

Parenthetically, the court notes that, in addition to the named defendant Lesa Gelb, the plaintiff also lists various other parties as "defendants" despite the fact that his original complaint did not list those individuals as defendants and, thus, they do not appear on the docket of this case as parties. *Compare* Doc. 1, at 1, 2, *with* Doc. 10, at 1.

present. For this reason, and because the plaintiff does not actually request reconsideration of any of the court's orders, his motion for reconsideration will be **DENIED**.

Finally, with respect to the plaintiff's desire to consolidate this action with *Wright v. Luzerne County et al.*, 20-cv-51, his request will be **DENIED** since the plaintiff's complaint has been dismissed and this case is closed.

### IV.   CONCLUSION

Based on the foregoing, the plaintiff's motion for reconsideration, (Doc. 10), is **DENIED**. An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 8, 2020**
20-1918-01